UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA ALEXANDER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE CITY OF BRISBANE INC., et al.,<br><br>　　　　Defendants. | Case No. 20-cv-04563-AGT<br><br>**ORDER REGARDING APPOINTMENT OF GUARDIAN AD LITEM; EXTENDING BRIEFING SCHEDULE ON BRISBANE DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

The Court issues this order to address two case management issues.

First, pro se plaintiff Olga Alexander brought this case on behalf of herself and her minor twins, T.A. and V.A., against the City of Brisbane and four Brisbane police officers ("Brisbane Defendants"), and Timothy Alexander, Ms. Alexander's husband and T.A.'s and V.A.'s father.[1] ECF No. 20 ("FAC"). The Court previously deferred ruling on Ms. Alexander's July 2020 application to be appointed as guardian ad litem for T.A. and V.A., explaining that:

> Plaintiff may appear pro se on her own behalf, but as a non-attorney, she "has no authority to appear as an attorney for others than [her]self." *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (citation omitted). This rule applies equally to family members: "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Id.* at 877; *see Gonzalez v. Arizona Dep't of Health Servs.*, No. CV-08-2391-PHX-DGC, 2009 WL 383535, at *1 (D. Ariz. Feb. 13, 2009) (denying without prejudice a pro se parent's motion to file on behalf of his minor son). And, because T.A. and V.A. are under the age of eighteen and thus minors under California law, they cannot represent themselves. *See Castillo-Ramirez v. Cty. of Sonoma*, No. C-09-5938 EMC, 2010 WL 1460142, at *1 (N.D. Cal. Apr. 9, 2010) (citing Fed. R. Civ. P. 17 and Cal. Fam. Code §§ 6502, 6601). Put differently, T.A. and V.A. (as long as

---

[1] Timothy Alexander was added as a defendant in the first amended complaint, filed January 7, 2021, and has not yet appeared in this case.

> minors) cannot assert the claims in this case unless a guardian ad litem is appointed *and* the guardian ad litem is represented by counsel.
>
> Given Plaintiff's current pro se status and her representations that she is actively attempting to retain counsel, the Court will defer ruling on her guardian ad litem application [to allow Plaintiff time] to retain a lawyer and have the lawyer make an appearance in this case on her behalf.

ECF No. 9 at 1–2. To date, Ms. Alexander remains unrepresented. She did, however, retain counsel for T.A. and V.A. in late January 2021. ECF No. 26. Given that Ms. Alexander is still proceeding pro se, her pending application to be appointed as guardian ad litem (ECF No. 6) is denied without prejudice.[2] And because no guardian ad litem has been appointed in this case, counsel for T.A. and V.A. is directed to submit a motion to appoint a guardian ad litem by **March 5, 2021**.

Second, the Court grants Ms. Alexander's unopposed request for an extension of time to file a response to the Brisbane Defendants' pending motion to dismiss. ECF Nos. 28, 29. The Court will also give the Brisbane Defendants additional time to file their reply. Ms. Alexander's response to the motion to dismiss is now due on **March 24, 2021**; the Brisbane Defendants' reply is now due on **April 7, 2021**; and the hearing on the motion to dismiss is reset to **April 16, 2021** at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: February 17, 2021

ALEX G. TSE
United States Magistrate Judge

---

[2] Even if Ms. Alexander was represented by counsel, the Court notes that there appears to be a potential conflict between the interests of Ms. Alexander and her minor twins, since she is now suing their father who apparently shares partial physical custody of T.A. and V.A. (*see* FAC ¶ 2), which might preclude her from serving as the twins' guardian ad litem in this case. *See Reed v. City of Modesto*, 2013 WL 1759611, at *1 (E.D. Cal. Apr. 24, 2013) ("When there is a potential conflict between a perceived parental responsibility fand an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests.") (citation omitted).